BREUSING et al. v. FISHER BODY DIVISION, KANSAS CITY PLANT, GENERAL MOTORS CORPORATION.

No. 4497.

District Court, W. D. Missouri, W. D.

Oct. 29, 1947.

Harry C. Clark and Louis W. Krings, both of Kansas City, Mo., for plaintiff.

Tucker, Murphy & Wilson, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The motion to dismiss invokes the provisions of the recently enacted Portal to Port-

542

al Act of 1947, Public Law 49, approved May 14, 1947, 29 U.S.C.A. § 251 et seq. The Act was an amendment to the provisions of Title 29 U.S.C.A. § 216, relating to the general subject of Fair Labor Standards and the statutory right of action.

The amended complaint as well as the original complaint shows that the claim is squarely within the case of Anderson et al. v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515. Every one is familiar with the legislation which undertook to and did nullify the Supreme Court decision.

In this case the plaintiffs by their amended complaint placed themselves squarely within the doctrine announced in the Mt. Clemens Pottery Co. case, supra. There is no pretext that the overtime suit was under an express provision of a contract or in accordance with a custom or practice in effect at the time of such activity. Since this is a requirement under the amended law for recovery, the Congress has taken away from the federal court jurisdiction where such averments are not made in the complaint. It may be that the complainants will want to amend by claiming such compensation is in fact based upon contract or custom, and for that purpose a period of 30 days will be allowed to amend, and, upon failure, the defendant's motion to dismiss will be sustained.